*Hartenstine, S. McDonald* and *J. T. Welborn*, for appellants.

*A. S. Weston*, for appellee.

-----•-----

## PEOPLE *ex rel.* CHAS. E. GAST *et al.* v. BETTS.

(*Supreme Court of Colorado, May 16, 1884.—Original Proceedings for Revocation of Attorney License.*)

1. ADMISSION TO THE BAR. EXAMINATION FOR—IRREGULARITY ON PART OF APPLICANT. An applicant for license as an attorney, should submit to an examination as to his qualifications to the committee for that purpose in the judicial district in which he resides. Being rejected by that committee it is irregular for him to apply for examination to the committee in another district. An examination by a single member of the committee, though certificate of qualification be signed by two, is insufficient. A license granted under such circumstances will be revoked.

HELM, J. The record in this case discloses the following facts, viz: That in the month of October, 1883, respondent was examined by the examining committee of the Third Judicial District for admission to the bar; that the committee declined to award him the requisite certificate of proficiency in legal attainments; that he attributed his rejection to the malice

or prejudice of two members of the committee, and not to his own inefficiency; that in January, 1884, he made application to the examining committee of the Sixth District, informing them of his former rejection, and averring by affidavit that he verily believed that he did not, and could not, receive a fair and impartial examination before the committee of the Third District; that thereupon, after examination, a certificate of competency was given him by the said committee of the Sixth District; that the examination of the latter committee was conducted solely by one member thereof, though the certificate was signed by two members; and that upon this certificate and the other essential credentials a license was issued by this Court admitting respondent to the profession.

A motion is now submitted to make the rule to show cause absolute. The motion rests upon the petition and answer, together with the interrogatories attached to the petition, and sworn answers thereto by respondent.

Upon the record at this stage of the proceeding, we do not think the charge of *wilful* or *intentional* deceit in obtaining the license, is sustained. The committee of the Sixth District were informed of the steps previously taken, and we do not believe respondent intentionally withheld from this Court knowledge of the matters above stated, which are now before us.

But the motion must be sustained on account of legal irregularities averred in the petition and admitted by respondent.

Section 71 of the General Statutes reads as follows:

"It shall be the duty of the Supreme Court to appoint a standing committee of three attorneys-at-law for each judicial district of the State, whose duty it shall be to examine all applicants for license as aforesaid, and if, upon such examination, a majority of the committee shall deem the applicant qualified to practice as an attorney and counsellor-at-law in the courts of this State, they shall sign a certificate to that effect, and transmit the same to the Clerk of the Supreme Court."

This Court is now, for the first time, called upon to give a partial construction to the foregoing section. Three questions are fairly presented, viz:

*First*—May the applicant for admission to the bar, at his own option, and upon his own motion, go before the examining

committee of another district than the one in which he resides, and has prosecuted his legal studies?

*Second*—Is he at liberty after rejection by one committee, of his own accord to renew his application before another committee? and

*Third*—Is it sufficient compliance with the statute for one member of the examining committee alone to conduct the examination, the others accepting his conclusion and ratifying his recommendation without any personal knowledge of the applicant's fitness?

It is claimed in argument that the first and third of these questions have been affirmatively answered by examining committees themselves; this may be true; it certainly is true in the case before us. Such procedure, if existing to any extent, owes its adoption to considerations of hardship and inconvenience. But we doubt if it should be perpetuated.

A fair and reasonable interpretation of the law would seem to require the examination to be made by the committee of the district in which the applicant resides; the labor of those who serve upon these committees is entirely gratutious, and it would be unreasonable and unfair to impose upon one committee the duty of examining students from all parts of the State. One evident purpose of the statute is to divide and distribute this labor and responsibility. Again, it was hardly the legislative intention to give each candidate the privilege of chosing from among the seven different committees, the one in his judgment most likely to favor his application; the one made up of acquaintances or personal friends, or perchance the one most lax in its method of examining, and in the attainments required.

It is not a compliance with the spirit of the law for one member of the committee alone to conduct the examination. The statute contemplates that at least two of them shall pass in judgment upon the applicant's legal accomplishments; also, that they shall do this from personal investigation, and not by proxy. The examination of an individual committeeman may be thorough and satisfactory, and his conclusions in the premises may be eminently just and accurate, but its acceptance and endorsement by his associates is not sufficient; the result is, that the license issues upon the opinion of a sin-

gle member, while the law requires the concurring judgment of not less than two of them.

The statute does not in words prohibit a second application to another committee after examination and rejection by the first one. But the indorsement of such a practice by us would be pernicious and absurd, besides it is in clear violation of the intent of the law-makers. Candidates for admission to the bar are not always free from conceit; laboring under a delusion concerning their qualifications, they might inflict themselves upon one after another of the examining committees until they had gone the rounds of the entire State, unless a favorable verdict were sooner obtained. The impropriety and unreasonableness of allowing such a practice, even should the committees knowingly submit thereto, are too apparent to justify further argument.

If the applicant believes himself the victim of unfairness or prejudice at the hands of the committee in his own district, he should present his grievance to this Court; and if, upon investigation, we are satisfied that injustice has been done him, the wrong will be rectified in some appropriate way.

Had the Court been advised of the foregoing irregularities, respondent's license would not have been issued. It now appears that there was no proper examination, and that the certificate of legal proficiency was not obtained in accordance with law.

For these reasons we have concluded to revoke the license. But this determination rests upon conclusions as to questions of practice, which are now announced for the first time; conclusions which, according to the assertions of counsel, conflict in some respects with the construction of the law heretofore adopted by a few of the examining committees; and while we disapprove of respondent's conduct, we recognize the fact that it is largely excusable. We are, therefore, disposed to say that he may at once renew his request for examination. Over seven months have passed since his rejection by the committee of the Third District; during this time he has been prosecuting his legal studies, and the same examiners might now render a favorable decision. But under the circumstances, we are aware that it would be more satisfactory to this committee, and less embarrassing to respondent, if this examination be con-

ducted by some one else. Hence, we have determined to select three other members of the Pueblo bar to perform the duty.

The rule to show cause is made absolute, and respondent's license revoked, but he is given leave to apply to a committee consisting of F. W. Pitkin, T. T. Player and Wm. M. Stone, who are hereby specially appointed to pass upon his legal attainments.

If the decision of the special committee above named be favorable, respondent may at once renew his application to this Court for admission to the bar.