The People ex rel. Darley v. Carr et al.

1. Attorneys, Admission of—Examining Committee.
The standing examining committee may establish a rule that no applicant for admission to the bar shall be entitled to an examination unless he presents at or before the time of making application a certificate by one or more reputable counselors at law that he has been engaged in the study of the law for two or more consecutive years prior thereto. Before the applicant can compel the committee to grant him an examination he must show that he had presented such certificate at the time of their refusal.

2. Same.
The determination of the committee of the right of an applicant for a license to practice law must be based solely upon the concurrence

of at least two members thereof, as the result of an exercise of their judgment upon whatever test is made. It must not in any case depend in any degree on the judgment of the faculty of the State University.

3. SAME.

The committee is not justified in refusing an examination to a student of the State University, if in all other respects he is qualified, merely because he failed to pass an examination by the faculty of that institution.

## Original Proceeding in this Court.

THE relator, Ward Darley, is a citizen of Colorado, and a resident of Boulder county, in the eighth judicial district of this state. The two respondents, Byron L. Carr and John H. Wells, together with Alpheus Wright, constitute the standing committee of said judicial district appointed by this court, under the statute, to examine applicants for admission to the bar.

For two years the relator had been irregularly pursuing his studies at the law department of the State University at Boulder, and in May, 1895, along with other members of the senior class who were candidates for graduation, he presented himself for the final examinations prescribed by the faculty of that department as necessary to be passed as a condition precedent to the conferring of degrees.

It appears that in 1894 these respondents, after carefully examining the course of study outlined by said law school and the character of the questions propounded to the students for final examination, had agreed between themselves (to which agreement, however, Mr. Wright was not a party) to adopt such final examination of the faculty as their own, although it was the expectation that at least one of the committee should be present to take part in the oral examination at the close of the school year. As a part of such arrangement, these respondents also agreed that they would give certificates to those students who passed the examination prescribed by the faculty, and withhold certificates from such as failed.

Pursuant to this agreement, in 1894 the entire committee conducted an oral examination of the students of the senior class of that year, and likewise examined the answers of the students to the written questions of the faculty, and awarded certificates to such of them as successfully passed.

Just before the senior class of 1895 was to begin the final examination under the direction of the faculty, the respondent Wells was requested by a member of the class to be present and take part therein. He complied with this request, and assisted in the oral examination, in which neither of the other members of the committee participated, but it does not appear that his investigation extended further. At the close of the oral examination, Wells announced to the class his satisfaction at its result, and stated that the committee would grant certificates to such of the students as presented proper proof that they had, in addition, passed the written examination of the faculty.

Within a few days thereafter the relator was notified by the faculty that he had failed to pass, and he at once applied to Mr. Wright, one of the members of the standing committee, for an examination. This was had before the latter, with the result that Wright, as one member, signed a certificate that relator was qualified for admission to the bar. This certificate the relator then presented to respondent Wells for his signature, on the strength of the examination of the relator given by Wells at the university; but Wells refused to sign it, stating substantially that the case of relator came within the terms of the agreement just mentioned.

In his answer the respondent Wells says that he did not pronounce Darley's examination conducted by himself as sufficient to entitle the relator to a certificate from him, but Darley swears that such was the statement. This apparent conflict disappears when we consider that Darley may have been justified in believing that Wells' satisfaction at the result of the examination of the class was based, or was to be based, solely upon his own oral examination; while all the circumstances show that, so far as he was concerned, Wells'

determination of the right of the students to receive certificates was to be grounded partly upon the result of his oral examination and in part upon the written one conducted by the faculty, although the announcement in relation thereto was somewhat ambiguous, and may have led to the misunderstanding between himself and the relator.

When Wells refused to sign the certificate, the relator applied to the respondent Carr for an examination, which was refused by him for substantially the same reasons as those given by Wells. By each of the respondents relator was informed that if he would continue his studies for such additional time as to raise a presumption that he knew more law than when he failed to pass, they would give him an examination. Without complying with this suggestion, the relator filed his petition in this court, and asks for a rule against the two respondents, three fold in its object, viz. to show cause why Carr should not give him an examination; why the two respondents should not give him a certificate; and why they should not be removed from office for an abuse of power.

Mr. WARD DARLEY, *pro se.*

Mr. B. L. CARR and Mr. J. H. WELLS, *pro se.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The charge made by relator in his petition that respondents conspired with the authorities of the university to deprive him and others similarly situated of their constitutional and statutory rights rests upon nothing stronger than mere suspicion. The relator is not entitled, either under the averments of his petition or by reason of the testimony, to the rule which he asks.

While the reason assigned by respondents for refusing to sign the certificate or give the relator an examination is not a good one, and was not sufficient justification for their

action, yet when the relator comes into court demanding his legal rights, thereby he must stand or fall. Before one is entitled to a license to practice law in this state, he must, among other things, obtain a certificate from one or more reputable counselors at law that he has been engaged in the study of law for two or more consecutive years prior to the making of such application. It does not appear that the relator has obtained such a certificate, or that he has pursued his studies for a sufficient length of time to get it.

True, the statute does not expressly require that the applicant shall file such a certificate with the examining committee, but the standing committees in this state, for their own protection, may well establish a rule that no applicant shall be entitled to an examination unless he present at, or prior to, the making of his application a certificate of the character indicated; for it would be a waste of time, and entail unnecessary labor upon the committees, to examine applicants who, if they succeeded therein, nevertheless would not be entitled to a license because of the lack of other necessary qualifications. For this reason alone, it would be an idle ceremony for this court to grant the rule in this case, and while the respondents did not interpose the objection that relator did not present the necessary certificate, it can be waived neither by them nor this court.

It must be remembered that the members of the bar from whom these standing committees are appointed by the court are usually busy lawyers, actively engaged in the practice of their profession. They may, for their own convenience, as to time, and to relieve themselves of unnecessary labor, without surrendering to others the exercise of their own judgment, make such reasonable rules and regulations for the examination of applicants as will not materially interfere with, or prejudice, the rights of the latter.

It therefore seems wise at this time, for the guidance of the committee, for the court to say that the rule adopted by respondents is not authorized, though doubtless framed partly in behalf of the university and partly for the benefit of the

students themselves. In a proper case this court might restrain the granting of a certificate by the committee, or withhold a license to a student holding a certificate from it, based upon the examination of the faculty, when at least two of the committeemen have not taken part in such examination, or where the applicant is not a resident of the judicial district. While we see no objection to the adoption by the standing committee of the examination prescribed by the faculty as the examination of the committee, and while we can see no injustice to the students themselves if such rule were adopted, but rather, by saving them an additional examination, we can see how such rule would be to their advantage,, yet the determination by the committee of the right of an applicant for a license, be he student or not, must in no case be made to depend, in any degree, on the judgment of the faculty of the university, however that judgment is ascertained, or however sound it may be, but the granting or withholding of a certificate must be based solely upon the concurring judgment of at least two members of the standing committee, as a result of the exercise of their independent judgment upon whatever test is made, although their judgment, in the case of a student, may be aided and informed by an examination of the answers to the questions propounded by the faculty. *People ex rel. v. Betts*, 7 Colo. 453.

This being so, in the absence of a distinct understanding that the committee has adopted as its own, and participated in, the examination given to the class by the faculty, the committee is not justified in refusing an examination to a student, if in all other respects he is qualified, merely because he has failed to pass such examination; nor can the committee substitute for its own judgment that of the faculty, whether the latter be favorable or unfavorable, as to the qualifications of one who is examined for admission to the bar.

The petition is dismissed, and the rule to show cause discharged.

*Petition dismissed.*